**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JIM R. HUNTER, Personal Representative of the
estate of Robert C. Ramsey, deceased,**

    **Plaintiff,**

**v.**     No. 11-cv-0954 SMV

**ADMINISTRATOR OF THE LUNA COUNTY
DETENTION CENTER,
LUNA COUNTY DETENTION CENTER,
BOARD OF COUNTY COMMISSIONERS, Luna
County, Deming, New Mexico,
LUNA COUNTY MANAGER,
JANE DOES, unknown,
JOHN DOES, unknown,
OFFICERS OF LUNA COUNTY DETENTION CENTER,**

    **Defendants.**

## SCHEDULING ORDER

THIS MATTER came before the Court on a second FED. R. CIV. P. 16 scheduling conference held on March 30, 2012.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "complex" track classification.

Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports pursuant to FED. R. CIV. P. 26(a)(2)(B) no later than **June 28, 2012**.

All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to FED. R. CIV. P. 26(a)(2)(B) no later than **July 30, 2012**.[1]

The termination date for discovery is **October 26, 2012,** and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **November 15, 2012**.  *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **November 26, 2012**.  *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

---

[1] Parties must formally disclose the identity of all testifying experts, even if the experts are not required to submit a Rule 26 expert report. *See Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah, May 1, 2008).

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff to Defendant on or before **January 11, 2013**; Defendant to Court on or before **January 25, 2013**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**