IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIM R. HUNTER, Personal Representative of
the estate of Robert C. Ramsey, deceased,

     **Plaintiff,**

v.                                               **No. 11-cv-0954 SMV**

LUNA COUNTY DETENTION CENTER,
LUNA COUNTY MANAGER,[1]

     **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION FOR
## RELIEF FROM JUDGMENT AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Relief from Judgment and Order Pursuant to Rule 60(B), Federal Rules of Civil Procedure [Doc. 71] ("Motion"), filed on August 2, 2012.  On August 9, 2012, Defendants filed their Response [Doc. 72], and on August 23, 2012, Plaintiff filed his Reply [Doc. 80]. After carefully considering the pertinent legal standards and the parties' briefs, I find that the Motion is not well-taken and should be denied.

## BACKGROUND

This action arises out of Robert C. Ramsey's imprisonment at the Luna County Detention Center ("LCDC") in 2008.  Complaint for Civil Rights Violations [Doc. 1-2] ("Complaint") at 6, ¶ 9.  On April 17, 2008, Mr. Ramsey pleaded guilty in New Mexico state court to driving while under the influence. Judgment and Order Partially Suspending Sentence [Doc. 4-1] Ex. 1 ("Judgment") at 1; Complaint [Doc. 1-2] at 6, ¶¶ 4, 6.  His guilty plea was entered pursuant to a plea and disposition agreement.  Complaint [Doc. 1-2] at 6, ¶ 6.  Pursuant to the plea agreement,

---

[1] The Luna County Detention Center and Luna County Manager are the only two remaining Defendants in this case after the Court's recent Order Granting Motion to Dismiss [Doc. 79].

the state district court sentenced Mr. Ramsey to eighteen months' incarceration but suspended all but six months of the sentence.   Complaint [Doc. 1-2] at 6, ¶ 11; Judgment [Doc. 4-1] at 1–2. The plea agreement expressly provided that Mr. Ramsey was to be incarcerated at LCDC. Complaint [Doc. 1-2] at 6, ¶ 8; Judgment [Doc. 4-1] at 2. Although the sentence was to begin on June 24, 2008, the Judgment was not filed until June 30, 2008. Complaint [Doc. 1-2] at 6, ¶ 10; Judgment [Doc. 4-1] at 1, 2.

Mr. Ramsey reported to LCDC on June 24, 2008, pursuant to the terms of his plea agreement.   Complaint [Doc. 1-2] at 6, ¶ 9.   He was held continuously at LCDC until September 26, 2008.  *Id.* at 7, ¶¶ 13–14.  On the evening of September 26, 2008, he was taken to the emergency room at Mimbres Memorial Hospital ("Mimbres") for treatment of injuries allegedly "consistent with his having been beaten, severe head trauma."  *Id.* at 7, ¶¶ 14–16.  He was subsequently transported to Memorial Medical Center.  *Id.* at 7, ¶ 18.  X-rays and MRIs taken at both hospitals showed that Mr. Ramsey had a fractured rib and head trauma with possible brain injury.  *Id.* at 7, ¶ 19.  He was released from the hospital to his home on a date uncertain, where he received therapy for the brain injury until the middle of 2009.  *Id.* at 7, ¶¶ 20–21. He was found dead in his home on July 1, 2010.  *Id.* at 8, ¶ 23. An autopsy revealed evidence of the brain injury, the fractured rib, and long-term alcoholism.  *Id.* at 8, ¶ 25.

Plaintiff filed the present action in state court on September 23, 2011.   *Id.* at 5. Defendants removed the case to federal court on October 25, 2011. Notice of Removal [Doc. 1] at 1.   Plaintiff alleges that Mr. Ramsey's Fifth and Eighth Amendment rights under the U.S. Constitution were violated and seeks damages pursuant to 42 U.S.C. § 1983. Complaint [Doc. 1-2] at 5.

In particular, the Complaint alleged that the Defendants violated Mr. Ramsey's Fifth Amendment rights by falsely imprisoning him at LCDC from June 24 to 29, 2008 (the six days before the Judgment was filed). *Id.* at 8, ¶ 27.  Moreover, the Complaint alleges that Mr. Ramsey was falsely imprisoned for the entire duration of his incarceration because he was incarcerated in a county jail rather than in a New Mexico Department of Corrections ("DOC") facility.  *Id.* at 8, ¶¶ 28–29.  This claim is based on NMSA 1978, § 31-20-2(A), which mandates that persons sentenced to more than one year's incarceration be placed in the custody of the DOC.  *Id.* at 6, 8, ¶¶ 11, 29.

As to Plaintiff's Eighth Amendment claim, the Complaint alleges that the Defendants are liable for inflicting injuries, or allowing the infliction of injuries, upon Mr. Ramsey while he was incarcerated at LCDC in violation of his Eighth Amendment right against cruel and unusual punishment. *Id.* at 9, ¶¶ 33–34.

Defendant Board of County Commissioners of Luna County filed a Motion to Dismiss on October 26, 2011. [Doc. 3]. The Court granted the Motion on May 24, 2012.  Memorandum Opinion and Order Granting County's Motion to Dismiss and Granting in Part and Denying in Part Plaintiff's Motion to Amend Complaint [Doc. 42] ("Order of Dismissal") at 21.  Plaintiff filed the instant Motion on August 2, 2012.  [Doc. 71].

Plaintiff brings his Motion under Rule 60(b)(4), which provides a method under which a court may set aside a "void" judgment. *See* Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Relief Under Rule 60(b) [Doc. 80] ("Reply") at 1–2 ("Plaintiff's Motion is, in effect, a motion for relief under Rule 60(b)(4) . . . ."). Plaintiff argues that the Order of Dismissal is void because it "conflicts with the laws of the State of New

Mexico and precedents under New Mexico law." *Id.* at 2.  Specifically, Plaintiff argues that the Court has incorrectly applied, or has failed to take into account, §§ 33-3-1(A), 33-3-3, 33-3-4, 33-3-7, & 30-4-3 NMSA 1978, which Plaintiff claims establish Defendants' direct liability for Mr. Ramsey's alleged false imprisonment.  *See* Motion [Doc. 71] at 7–9, and Reply [Doc. 80] at 2–3.  Plaintiff also argues that the Court made an error of federal law in holding that the statute of limitations had run on Plaintiff's false imprisonment claim under § 1983.  *See* Motion [Doc. 71] at 6. In summary, Plaintiff's arguments under Rule 60(b)(4) are based entirely upon Plaintiff's assertions that the Court has made errors of law.

## ANALYSIS

### I.     Rule 60(b)(4) Does Not Apply.

Plaintiff argues that he is entitled to relief under Rule 60(b)(4) because the Order of Dismissal is "void" as it "conflicts with the laws of the State of New Mexico and precedents under New Mexico law." [Doc. 80] at 2.  Plaintiff misapprehends the application of Rule 60(b)(4).  A judgment is void only if it is totally beyond a court's power to render.  *See, e.g.*, *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940).  A judgment is not void simply because it was wrongly decided.  *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010). Statutory misinterpretation, for example, does not result in a void judgment.  *E.g., United States v. Holtzman*, 762 F.2d 720, 723–725 (9th Cir. 1985).  A judgment is valid whenever the court that renders it has jurisdiction over the subject matter and the parties.  *See Stoll v. Gottlieb*, 305 U.S. 165, 171–172 (1938).  The parties have stipulated that this Court has personal and subject-matter jurisdiction. *See* Joint Status Report and Provisional Discovery Plan [Doc. 14] at 2. Rule 60(b)(4), therefore, simply does not apply.

4

## II.   The Motion is Untimely Whether Treated as a Motion to Amend Under Rule 59(e) or as a Motion for Relief From Judgment Under Rule 60(b).

Plaintiff's Motion is, in essence, a motion for reconsideration.  Although the Federal Rules do not recognize motions for reconsideration, such motions may be construed as either a motion to amend the judgment under Rule 59(e), or a motion for relief from judgment under Rule 60(b). *See Jennings v. Rivers*, 394 F.3d 850, 854–55 (10th Cir. 2005).  A motion to amend under Rule 59(e) is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a motion under Rule 59(e) must be filed within 28 days of the judgment. Fed. R. Civ. P. 59(e).  Plaintiff's Motion was filed more than 28 days after entry of the Order of Dismissal, and the Court cannot grant an extension of time.  *See Watson v. Ward*, 404 F.3d 1230, 1232 (10th Cir. 2005); *Plant Oil Powered Diesel Fuel Sys., Inc. v. Exxon Mobil Corp.*, No. CIV 11-0103, 2012 WL 869000, at *2 (D.N.M. Mar. 8, 2012) (Browning, J.) ("The Court may not extend the time period for timely filing motions under Rule 59(e) . . . .").  Thus, the Motion must be considered under Rule 60(b). 12 J. Moore, Moore's Federal Practice § 59.11[4][b], at 59-32 (3d ed. 2011) ("A motion under Rule 59 that is filed more than 28 days after entry of judgment may be treated as a Rule 60(b) motion for relief from judgment.") (citations omitted).

As explained *supra*, Plaintiff's Motion is based exclusively upon the contention that the Court has misapplied state and federal law. See Motion [Doc. 71] at 6–9, and Reply [Doc. 80] at 2–4. The Court of Appeals for the Tenth Circuit will permit a Rule 60(b) motion to be based on legal error, but only if the motion is brought within the time for appeal:

> It is true that we have recognized that in some instances relief has been granted under 60(b)(1) on a theory of mistake of law. However, we are of the view that a mistake of law cannot be

5

> reached under 60(b)(1) where no notice of appeal was timely filed
> from the order in which the mistake is alleged to have occurred,
> and the time for filing such a notice of appeal had expired when
> the 60(b) motion was filed. A contrary rule would permit a 60(b)
> motion to serve as an appeal, which would be untimely otherwise.

*Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1358 (10th Cir. 1985) (citations omitted).

The Order of Dismissal was filed on May 24, 2012. [Doc. 42]. Plaintiff filed his Motion for Relief from Judgment . . . on August 2, 2012, [Doc. 71], well past the 30 days allowed for appeal. *See* Fed. R. App. P. 4(a)(1)(A). The Motion, therefore, is untimely and must be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Relief from Judgment and Order Pursuant to Rule 60(B), Federal Rules of Civil Procedure [Doc. 71] be and the same hereby is **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**