IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIM R. HUNTER, Personal Representative of
the estate of Robert C. Ramsey, deceased,

    Plaintiff,

v.                                                                                           No. 11-cv-0954 SMV/CG

LUNA COUNTY DETENTION CENTER,
LUNA COUNTY MANAGER,

    Defendants.[1]

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants Luna County Detention Center and Luna County Manager's Amended Motion to Dismiss Plaintiff's Amended Complaint . . . [Doc. 64], and supporting Memorandum [Doc. 65] (collectively, "Motion"). Plaintiff has not responded, and the time for doing so has passed. The Court, being fully advised in the premises, FINDS that the Motion is well-taken and should be GRANTED.

It is the Defendants' position that the Amended Complaint fails to state a claim against either the Luna County Detention Center ("LCDC") or the Luna County Manager ("Manager"). Motion [Doc. 65] at 4. Defendants assert that neither the LCDC nor the Manager is a "person" subject to liability under 28 U.S.C. § 1983. *Id.* at 4. Defendants argue that the LCDC and the Manager are subdivisions of the County and therefore may not be sued under § 1983. *Id.* at 5. Accordingly, Defendants argue that the LCDC and the Manager should be dismissed because the County, which has already been dismissed from this suit with prejudice, was the only proper

---

[1] The Luna County Detention Center and Luna County Manager are the only two remaining Defendants in this case after the Court's recent Order Granting Motion to Dismiss [Doc. 79].

party defendant. *Id.* at 6. The Court agrees and holds further that the claims asserted against the Manager in the Manager's supervisory capacity should also be dismissed.

Generally, when a party fails to respond to a motion, such silence constitutes consent to granting the motion. D.N.M.LR-Civ. 7.1(b). However, when a party fails to respond to a motion to dismiss, a court may not grant the motion based solely on the lack of response. *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). Instead, "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178. Thus, here, although Plaintiff failed to respond to the Motion, the Court will still consider its merit.

## THE RULE 12(b)(6) STANDARD

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 provides that a complaint filed in federal court need contain only a "short and plain" statement of (1) the grounds supporting the district court's subject matter jurisdiction, (2) "the claim showing that the pleader is entitled to relief," and (3) the demand for the relief that the pleader seeks. Fed. R. Civ. P. 8(a). The complaint must "provide enough factual allegations for a court to infer potential victory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

For a complaint to survive a motion to dismiss, the claims must be nudged "'across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although a court must accept as true

all of the allegations in a complaint, deference is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)).

## DISCUSSION

### A. Claims Against Subdivisions of Luna County

Section 1983 of Title 42 of the U.S. Code (42 U.S.C. § 1983) authorizes private parties to enforce their federal constitutional rights against "persons" who acted under color of state law. Section 1983 reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Municipal entities are considered "persons" subject to § 1983 liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, divisions of municipal entities are not considered "persons." *Stump v. Gates*, 777 F. Supp. 808, 815–816 (D. Colo. 1991) (holding that because under Colorado law, counties were "bodies politic" with the power to sue and be sued, the counties were themselves the proper defendants, rather than their subsidiary departments,

such as the police department). New Mexico law, like Colorado law, identifies counties as bodies politic with the power to sue and be sued, so it is only the counties themselves that are proper defendants, not their subsidiary departments. *Compare* NMSA 1978, § 4-37-1 ("Counties are granted the same powers that are granted municipalities . . . ."), *with* § 3-18-1 ("A municipality is a body politic and corporate [and] may . . . sue or be sued."). Thus, although Luna County is a municipal entity that is subject to § 1983 liability, *Monell*, *supra*, its detention center is not, *Stump*, *supra.* The Court, therefore, will dismiss all claims against the LCDC.

Similarly, § 1983 suits against government employees in their official capacity "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1983) (quoting *Monell*, 436 U.S. at 690 n.55 (1978)). Accordingly, such an action should "be treated as a suit against the entity." *Id.* at 166; *Trujillo v. Bd. of Educ.*, Nos. CIV 02-1146 JB/LFG, CIV 03-1185 JB/LFG, 2007 U.S. Dist. LEXIS 56529, at *2–3, 2007 WL 2363156, at *1 (D.N.M. June 28, 2007) (unpublished) (recognizing that naming a government official as a defendant in his official capacity is the same as naming the governmental entity itself, and therefore, the individual official was "not a separate party"). Thus, any claims against the Manager in the Manager's official capacity must be treated as claims against the County. All claims against the County have been dismissed with prejudice. Memorandum Opinion and Order . . . [Doc. 42] ("Memorandum Opinion") at 21. The Court, therefore, will dismiss all claims asserted against the Manager in the Manager's official capacity as well.

## B. Claims Against Luna County Manager in the Manager's Supervisory Capacity

Although the Defendants did not address the supervisory liability of the Manager, any such claim also fails. Plaintiff's First Amended Complaint for Civil Rights Violations [Doc. 56] ("Amended Complaint") asserts the same "policy or custom" claim against the Manager as was asserted against the County, i.e., that the Manager condoned a policy of hiring inadequately trained jailers at LCDC, which then led to Mr. Ramsey's injuries. *Compare* [Doc. 56] at 7, ¶ 3 (asserting that the County had a policy of hiring inadequately trained jailers at LCDC), *with id.* at 9, ¶¶ 1–3 (asserting that the Manager condoned the same policy).

All claims against the County were dismissed with prejudice for failure to state a claim. Memorandum Opinion [Doc. 42] at 21. The Court first found that the Amended Complaint failed to allege an affirmative, causal link between the alleged policy of hiring inadequately trained jailers and the alleged injuries suffered by Mr. Ramsey. *Id.* at 18–19. Second, accepting as true the allegation that the County did have a policy of hiring inadequately trained jailers, the Court found that Plaintiff failed to allege facts that indicated the County was deliberately indifferent to the need for different training in order to avoid the likelihood that Mr. Ramsey's constitutional rights would be violated. *Id.* at 19–20. Accordingly, the Court dismissed all claims against the County. *Id.* at 21.

Plaintiff's claims against the Manager, in the Manager's supervisory capacity, fail for the same reasons as those against the County failed. To the extent that Plaintiff claims that the Manager is liable, in a supervisory capacity, for a "custom or policy" that was causally linked to the constitutional violations against Mr. Ramsey, the Amended Complaint fails to allege any facts that would establish such liability.

First, Plaintiff fails to allege that an affirmative, causal link existed between the alleged policy or custom (hiring inadequately trained jailers) and the alleged constitutional harm (Mr. Ramsey's injuries). *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation"). Plaintiff also fails to allege specific deficiencies in the training of LCDC jailers that resulted in the alleged injury to Mr. Ramsey. *See id*. at 390–91. As with the failure to state a claim against the County, the Amended Complaint fails to state a claim against the Manager because it does not allege a *specific* deficiency in the training that *closely* relates to the LCDC jailers acting with deliberate indifference to Mr. Ramsey's physical safety. *See Lopez v. LeMaster*, 172 F.3d 756, 760 (10th Cir. 1999) (citing *City of Canton*, 489 U.S. at 391). Because the Amended Complaint fails to allege an affirmative causal link between the inadequate training and Mr. Ramsey's physical injuries, it fails to state a claim against the Manager in the Manager's supervisory capacity.

Second, even if the allegations of the Amended Complaint are taken as true, Plaintiff fails to allege any facts that would indicate that the Manager's hiring policies evidence deliberate indifference on the part of the Manager to potential violations of Mr. Ramsey's rights. Plaintiff does not, for example, allege that a pattern of similar constitutional violations had occurred before. *See Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (evidence of similar constitutional violations is "ordinarily necessary" to demonstrate deliberate indifference). Plaintiff also fails to explain how the alleged inadequate training caused Mr. Ramsey's injuries. Even assuming that the LCDC jailers receive only on-the-job training, it does not necessarily follow that such training increased the likelihood that Mr. Ramsey would be injured. *See City of*

*Canton*, 489 U.S. at 390 (deliberate indifference can be shown where "the need for more or different training is so obvious, and the inadequacy [is] so likely to result in the violation of constitutional rights"). Plaintiff fails to allege facts that, if true, would establish that the Manager was deliberately indifferent to an increased likelihood of violations of Mr. Ramsey's constitutional rights. The Amended Complaint, therefore, fails to state a claim against the Manager and the Court will dismiss all claims against the Manager in the Manager's supervisory liability.

## CONCLUSION

The Court finds that Plaintiff's Amended Complaint [Doc. 56] fails to state a claim upon which relief can be granted against Defendants Luna County Detention Center and Luna County Manager, and that all claims against both should be dismissed with prejudice. The Court also finds that, lacking any remaining Defendants, this case should be dismissed with prejudice.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants Luna County Detention Center and Luna County Manager's Amended Motion to Dismiss Plaintiff's Amended Complaint . . . [Doc. 64] is hereby **GRANTED**, and all claims raised herein against Defendants Luna County Detention Center and Luna County Manager are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**